IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Tracy Anderson, | Case No. 3:09 CV 1938 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Fairview Skilled Nursing & Rehabilitation Center, et al., | |
| Defendants. | |

Defendants removed this case from the Lucas County Court of Common Pleas on August 18, 2009. Upon reviewing the Complaint and Removal Petition (Doc. No. 1), this Court finds there is no basis for federal subject matter jurisdiction. Accordingly, this case is remanded sua sponte to state court.

A state court action may be removed to federal court if the federal court otherwise has original jurisdiction over the action. 28 U.S.C. § 1441(a). This Court has an independent obligation to assure itself that subject matter jurisdiction exists. *Caudill v. North American Media Corp*, 200 F.3d 914, 916 (6th Cir. 2000). In this case, Defendants claim this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Specifically, Defendants argue that Plaintiff's claims fall under the purview of Section 301 of the Labor Management Relations Act (29 U.S.C. § 301). Plaintiff is a union member, and the terms of her employment with Defendant Fairview Skilled Nursing & Rehabilitation Center are governed by a Collective Bargaining Agreement (CBA). Defendants assert

that if Plaintiff's allegations of sexual harassment are true, they would constitute a violation of the CBA.

Pursuant to Section 301, federal law generally preempts state law contract disputes involving the interpretation and application of a CBA. *See United Steelworkers of America v. Rawson*, 495 U.S. 362, 368 (1990). Federal preemption in this area can extend to state-law tort suits if "the duties imposed and rights established through the state tort . . . derive from the rights and obligations established by the contract." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 217 (1985). The touchstone of the preemption inquiry is whether "resolution of a state-law claim is substantially dependent upon analysis of the terms" of the CBA. *Id.* at 220. If it is, then the claim "must either be treated as a § 301 claim . . . or dismissed as pre-empted." *Brittingham v. General Motors Corp.*, 526 F.3d 272, 278 (6th Cir. 2008) (citing *Allis-Chalmers*, 471 U.S. at 220). Defendants argue that Plaintiff's claims must be treated as brought under Section 301, in which case this Court would have federal question jurisdiction.

The Sixth Circuit has developed a two-step approach to determine if state-law tort claims are governed by Section 301. First, this Court "must examine whether proof of the state law claim requires interpretation of [CBA] terms." *DeCoe v. General Motors Corp.*, 32 F.3d 212, 216 (6th Cir. 1994). Second, this Court "must ascertain whether the right claimed by the plaintiff is created by the [CBA] or by state law." *Id.* If either test is satisfied, the claim is preempted by federal law. *Id.* Applying these tests to the case at hand, this Court finds that proof of Plaintiff's claims would not require interpretation of the CBA, nor are the rights asserted by Plaintiff dependent on the CBA.

Plaintiff's claims all involve alleged sexual harassment by her supervisor and employer. The Complaint does not reference the CBA, nor does it reference any federal statute. Rather, Plaintiff's

2

claims can be supported solely by the tort law of Ohio. That such claims may also constitute violations of the CBA does not mean that the asserted rights are created by the CBA. The rights at issue would exist under Ohio law regardless of the existence of the CBA, and therefore Section 301 does not apply. *See Brittingham*, 526 F.3d at 278.

This Court also notes that this case lacks both diversity of parties and the amount-in-controversy needed to satisfy diversity jurisdiction under 28 U.S.C. § 1332. Thus, there is neither a federal question nor diversity jurisdiction, and removal was improper pursuant to 28 U.S.C. § 1441(a).

This case is remanded to the Lucas County Court of Common Pleas.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

September 3, 2009